UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURINDERPAL SINGH,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Defendant.

_____/

CIVIL ACTION NO. 07-CV-11314
CRIMINAL NO. 04-CR-80918

HON. GEORGE CARAM STEEH

<u>ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE (DOC # 32)</u>

Petitioner has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government made a timely response and requests petitioner's motion be dismissed. For the reasons the government argues, the court will grant the relief requested by the government.

At trial, the jury returned a verdict convicting petitioner for the importation of the controlled substance marijuana. He was subsequently sentenced to 60 months in jail. Petitioner bases his motion to vacate the 60 month sentence on the theory that his attorney, Mr. Hom, was ineffective for his failure to litigate a series of issues. The issues petitioner raises are (1) Mr. Hom failed to offer a plea agreement to the defendant to avoid going to trial, (2) Mr. Hom failed to demonstrate that petitioner's role in the matter was only minor, (3) evidence of his family's medical and financial difficulties was not presented at trial, and (4) Mr. Hom failed to compel the court to reduce the sentence below the guideline range.

On May 11, 2007, the government filed a Memorandum in Opposition To 2255 Relief (Doc. #35). The government argues petitioner has failed to satisfy the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) to establish his attorney ineffectively litigated the case. The <u>Strickland</u> standard, as stated in <u>Nave v. Delo</u>, 62 F.3d 1024 (8th Cir. 1995), is "[t]his standard requires [the applicant] to show that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence and that the deficient performance prejudiced his defense." <u>Id</u>. at 1035. At sentencing, this court found the applicable sentencing guidelines indicated 97 to 121 months of jail time. However, petitioner's counsel effectively persuaded the court to reduce the sentence to the mandatory minimum of 60 months pursuant to 21 U.S.C. 841(b)(1)(B)(vii). Petitioner's contention that his counsel failed to request that the court reduce the sentence below the guideline range is without merit, evidenced by counsel obtaining a reduced sentence from 97 to 121 months to 60 months.

Petitioner's additional claims supporting ineffective representation are equally unpersuasive. The allegation petitioner has made in connection with his counsel's deficient representation regarding his role in the crime lacks merit. Mr. Hom actually argued petitioner's role of transporting the marijuana into the United States was nominal relative to the totality of the crime. As for the claim that no plea bargain was proposed, the government points out it had no obligation to offer a plea deal and also recalls petitioner's vehemence that he was innocent, and likely would not have accepted any plea agreement had one been proposed. The United States' Memorandum In Opposition To 2255 Relief (Doc. #35) does not address petitioner's complaint of a lack of demonstration of his family's medical and financial troubles; however, this assertion is

likewise meritless. The record clearly demonstrates the conduct of Mr. Hom was objectively reasonable as he successfully obtained a sentence of 60 months, the lowest possible for his client.

For the reasons set forth above, it is clear that petitioner's legal representation did not fall below an objective standard of reasonableness. Therefore, the court need not consider the prejudice prong under Strickland. Accordingly, petitioner's motion to vacate his sentence is DENIED.

IT IS SO ORDERED.

Dated: June 19, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
|---|
| Copies of this Order were served upon attorneys of record on June 19, 2007, by electronic and/or ordinary mail. |
| S/Josephine Chaffee |
| Deputy Clerk |